UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ROWENA FINEGAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>HOME HOTEL & MOTEL, LLC,<br><br>                    Defendant. | Case No. 4:12-cv-00061-BLW<br><br>**AMENDED ORDER SETTING TRIAL AND PRETRIAL CONFERENCE** |

On March 21, 2013, the Court held a status conference for the purpose of setting a

trial date in this matter.  Based on that conference, the Court issues the following order:

**IT IS ORDERED** that the following deadlines and procedures shall govern the

remainder of this litigation:

1.   Trial Date:  A **5-day** trial shall be set for **October 21, 2013, at 1:30 p.m.** in the

Federal Courthouse in **Pocatello, Idaho**.  Beginning on day two, trial shall begin

at 8:30 a.m. and end at 2:30 p.m., with two fifteen minute breaks.

2.   Pretrial Date:  A telephonic pretrial conference shall be held on

**September 30, 2013, at 3:00 p.m.**  Counsel for Plaintiff shall initiate the call.

The Court can be reached at (208) 334-9145.  The purpose of the conference is to

discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary

issues; (3) trial logistics; and (4) any other matter pertaining to the trial.  Not less

than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible.  The parties shall be prepared to discuss with the Court those items over which counsel disagrees.

3.      Rule 702 Motions:  In cases involving serious *Daubert* issues, the parties shall contact Jeff Severson at (208) 334-9027 on or before **April 19, 2013** to determine whether a hearing is necessary.

4.      Witness Lists:  The parties shall exchange witness lists on or before **September 16, 2013**. The witness lists shall contain the material listed in F.R.C.P. 26(a)(3)(A)&(B), and shall include a full summary, not just the subject, of the witnesses' expected testimony.

5.      Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs and Motions in Limine:  All exhibit lists, proposed voir dire, proposed jury instructions, trial briefs, and motions in limine shall be filed with the Court on or before **September 16, 2013**. On the same date the parties shall exchange all trial exhibits, but shall not provide them to the Court until the day of trial.  Counsel shall only provide the Court with a set of original pre-marked exhibits.  Because of the use of electronic evidence presentation systems, it is unnecessary to provide any copies.  Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system.  The exhibit lists shall follow the guidelines set out in Local Rule 16.3(f) to the extent it is not inconsistent with this Order.  The exhibit lists

shall be prepared on form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk.  Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on.  Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon.  The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1 to the extent it is not inconsistent with this Order. Additionally, counsel shall provide a clean copy of the Jury Instructions to the Court in Word or WordPerfect format and emailed to

BLW_orders@id.uscourts.gov.

6.      Settlement/Mediation Deadline: The parties agree that they shall notify the Court on or before **September 9, 2013** that the case has either settled or will definitely go to trial.

7.      Trial Procedures:

   a.      The Court will generally control voir dire, and counsel will be limited to 20-30 minutes.  Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit

voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

b.      Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

c.      During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

d.      During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony.  Almost all objections should be stated in one to three words ("hearsay," "asked & answered," "irrelevant," etc.).  If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes.  Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess.  To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember."  These "speaking objections" would suggest an answer.

e.    Counsel shall have enough witnesses ready to ensure a full day of testimony.  If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

f.    When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

g.    Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

h.    Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

i.    You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an

elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

j.     I try to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that I can give you a set of my final instructions and you can state your objections on the record.

k.     To ensure that trial proceeds as scheduled, I will divide the parties' time and hold counsel to that time by keeping them "on the clock."  This process will be discussed in more detail at the Pre-Trial Conference.

DATED: March 22, 2013

B. Lynn Winmill
Chief Judge
United States District Court